J-S02038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MONTERRAY ROBINSON | : | |
| | : | |
| Appellant | : | No. 2967 EDA 2017 |

Appeal from the Judgment of Sentence August 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0015620-2010,
CP-51-CR-0015643-2010

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:　　　　　　　**FILED MARCH 01, 2019**

Appellant, Monterray Robinson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following revocation of his probation.  We affirm.

The relevant facts and procedural history of this case are as follows.  On August 11, 2010, Appellant and two accomplices robbed Victim at gunpoint.  Appellant entered a negotiated guilty plea on April 30, 2012, to one count each of robbery, conspiracy, and possession of an instrument of crime.  The court sentenced Appellant that same day to 11½ to 23 months' imprisonment plus 8 years' probation.

On August 27, 2014, while Appellant was on probation, police arrested Appellant during a traffic stop after they discovered a loaded firearm in the vehicle.  The Commonwealth charged Appellant with violations of the uniform

firearm act. On June 9, 2017, the court found sufficient evidence of a probation violation and revoked probation. The court resentenced Appellant on August 11, 2017, to 9 to 18 years' imprisonment plus 5 years' probation. On August 14, 2017, Appellant timely filed a motion for reconsideration of sentence, which asked the court to reconsider the character testimony given at the resentencing hearing and argued the court improperly weighed Appellant's prior record when fashioning the current sentence. Appellant timely filed a notice of appeal on September 5, 2017. Subsequently, the trial court denied Appellant's motion for reconsideration of the revocation sentence and granted counsel's motion to withdraw. On October 16, 2017, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On April 3, 2018, the court appointed new counsel, who filed a Rule 1925(b) statement on April 18, 2018.

Appellant raises the following issue for our review:

> DID THE SENTENCING COURT ABUSE ITS DISCRETION BY FASHIONING A SENTENCE THAT GREATLY EXCEEDED THAT WHICH IS NECESSARY TO PROTECT THE PUBLIC AND FAILED TO CONSIDER NUMEROUS MITIGATING FACTORS, TO INCLUDE BUT NOT LIMITED TO, APPELLANT'S FAMILIAL SUPPORT, BEING A POSITIVE FORCE IN HIS FAMILY, AND BEING THE FATHER OF A YOUNG SON, AND APPELLANT'S REHABILITATIVE NEEDS?

(Appellant's Brief at 4).

Appellant argues his current sentence is at odds with fundamental sentencing norms and Section 9721(b). Appellant further contends the court during resentencing did not take into account his rehabilitative needs and

- 2 -

mitigating circumstances, such as extensive familial support and remorse. Appellant challenges involve the discretionary aspects of sentence. ***See Commonwealth v. Cartrette***, 83 A.3d 1031 (Pa.Super. 2013) (*en banc*) (explaining claim sentencing court failed to consider Section 9721(b) factors pertains to discretionary sentencing matters); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider mitigating factors implicates discretionary aspects of sentencing).

When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the sentence imposed, and the discretionary aspects of sentencing. ***Commonwealth v. Cartrette***, 83 A.3d 1031, 1033-34 (Pa.Super. 2013) (*en banc*) (explaining that, notwithstanding prior decisions which stated our scope of review in revocation proceedings is limited to validity of proceedings and legality of sentence, appellate review of revocation sentence can also include discretionary sentencing challenges).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P.

902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed at that hearing. *Commonwealth v. Kittrell*, 19 A.3d 532 (Pa.Super. 2011). *See also Commonwealth v. Oree*, 911 A.2d 169 (Pa.Super. 2006), *appeal denied*, 591 Pa. 699, 918 A.2d 744 (2007) (explaining challenges to discretionary aspects of sentencing must be raised in post-sentence motion or during sentencing proceedings; absent such efforts, claim is waived).

Instantly, the court resentenced Appellant on August 11, 2017. On August 14, 2017, Appellant timely filed a post-sentence motion, which argued the court over-emphasized Appellant's past conduct and asked the court to reconsider testimony presented on his behalf at the resentencing hearing. On appeal, Appellant argues the court did not consider mitigating factors and sentenced Appellant outside the fundamental norms of the Sentencing Code and Section 9721(b). As presented, these claims are distinct. Appellant's failure to specify in his post-sentence motion the precise claims he now raises

constitutes waiver of his issue on appeal. *See id.*; *Evans, supra*. Accordingly, we affirm the judgment of sentence. *See generally In re K.L.S.*, 594 Pa. 194, 197 n.3, 934 A.2d 1244, 1246 n.3 (2007) (stating where issues are waived on appeal, this Court should affirm rather than quash appeal).[1]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/19

---

[1] Moreover, the revocation court (a) considered the pre-sentence investigative report and all relevant sentencing factors when it imposed the revocation sentence, (b) set forth its reasons for the sentence on the record, and (c) noted the sentence did not exceed the statutory limits.