J-A26013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                          :        PENNSYLVANIA
                          :
          v.               :
                          :
                          :
JOHN B. LEWIS              :
                          :
          Appellant      :     No. 2616 EDA 2019

Appeal from the Judgment of Sentence Entered August 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003337-2019

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.*

MEMORANDUM BY LAZARUS, J.:          **FILED:  MARCH 8, 2021**

John B. Lewis appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after being convicted following a non-jury trial of criminal mischief,[1] unauthorized use of a motor vehicle,[2] fleeing or eluding a police officer,[3] and reckless driving.[4]  Because the restitution portion of Lewis' sentence is illegal, we affirm in part, vacate in part, and remand.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3304(a)(2) (recklessly tampering with tangible property of another so as to endanger person or property).

[2] *Id.* at § 3928(a).

[3] *Id.* at § 3733(a).

[4] *Id.* at § 3736(a).

The trial court summarized the facts underlying this case as follows:

On February 1, 2019, [Miguel] Briones parked his gray 2010 Toyota Corolla with the Pennsylvania license plate KMY 9530, on the corner of Cherry Street and 22nd Street, in the city and county of Philadelphia. [N.T. Non-Jury] Trial[/Sentencing], [8/8/19], [at] 9. Mr. Briones testified that he had the following belongings in his car: two wallets[,] which [contained] his residency card, his old driver's license, multiple credit cards, [] personal photos[,] a pair of Mizuno tennis shoes, a pair of dancing shoes, two older generation iPhones, some financial bank statements, and a bucket of coins. [*Id*. at] 19-20.

On February 14, 2019, at approximately 11:03 a.m., in the area of 1300 Point Breeze Avenue, Police Officer [Andrew] Breen saw a gray 2010 Toyota Corolla with the Pennsylvania license plate KMY 9530. [*Id.* at] 26-28. Officer Breen entered that tag into his computer and the tag came back as stolen status. *Id.* at 28. At that time, Officer Breen radioed in to report that the car in front of him was stolen[,] and [he] requested additional officers to assist in a traffic stop. *Id.* After Officer Breen radioed in for additional officers, he continued to follow the vehicle down Point Breeze Avenue. *Id.* The stolen vehicle pulled over without a request and parked to the left of the roadway. *Id.* Officer Breen pulled in front of the vehicle, exited the [police] vehicle with his weapon drawn, and conducted a felony stop. *Id.* Officer Breen approached the driver's side of the vehicle and ordered . . . [the driver, later identified as Lewis] to show him his hands and not to move. *Id.* After multiple attempts to get [Lewis] to show him his hands and place the vehicle in park, **[Lewis] placed the vehicle in reverse and drove backwards onto the sidewalk**. *Id.* at 29. At the same time, Officer Breen []drew his baton in [an] attempt[] . . . to get [Lewis] to stop the vehicle. *Id.* **After hitting a nearby building**[,]**[1] the vehicle proceeded down the street and . . . westbound on the block of 2100 Sears [Street].** *Id.* At that time, there were people on the sidewalk, but no one had to jump out [of] the way. *Id.* at 37.

The vehicle was recovered by Officer Breen's supervisor, on the 2100 block of Sears Street[,] 45 minutes later. *Id.* [] No driver was present. *See id.* at 37-39. There was significant damage to the front bumper and driver's side quarter panel and the rear window was broken. *Id.* at 38. Officer Breen testified he observed a box of chocolates and a container of beer in the cup

holder inside the vehicle. *Id.* Officer Breen later identified [Lewis] from a photo array. *Id.* at 41.[2]

> [2] [] Office[r] Breen was shown a photo array on March 12, 2019, about a month after the encounter.

On March 16, 2019, [Lewis] . . . was picked up for casing other vehicles, and he was identified as the individual who[m] Officer Breen saw driving the gray 2010 Toyota Corolla with the Pennsylvania license plate KMY 9530. Officers recovered Mizuno shoes from [Lewis]. *See id.* at 57. During trial, Mr. Briones identified the shoes recovered from [Lewis] as the Mizuno tennis shoes that were in his vehicle when it was stolen[.] [H]owever[,] the other personal items he identified in the car when it was stole[n] were not recovered from the vehicle. *See id.* at 13, 69-70.

Trial Court Opinion, 11/14/19, at 1-3 (one footnote and parenthesis omitted) (emphasis added).

Lewis was arrested and charged with the above-stated offenses, as well as receiving stolen property (RSP);[5] he proceeded to a non-jury trial. Following trial, Lewis was convicted of the above-stated offenses and acquitted of RSP. On August 8, 2019, the trial court sentenced Lewis to 6-12 months' imprisonment for criminal mischief, followed by concurrent terms of 18 months of probation each for the remaining charges. The court imposed no

---

[5] 18 Pa.C.S.A. § 3925.

further penalty for reckless driving. Lewis was also ordered to pay $2,160[6] in restitution.[7]

Lewis filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. On appeal, he raises the following issue: "Did not the trial court impose an illegal sentence of restitution for the victim's personal items stolen from a car where there was no connection between that restitution imposed and the crimes for which [Lewis] was convicted?" Appellant's Brief, at 3. In its brief, the Commonwealth also contends that the case should be remanded—albeit for a different reason: the recalculation of restitution "to provide full restitution to both the victim and his insurance provider." Appellee's Brief, at 5.

---

[6] In its sentencing order, the court lists the restitution to be paid under Count 1, criminal mischief/tampering with property.

[7] The Commonwealth stated the following at sentencing with regard to restitution for the victim:

> [The Commonwealth:] The $2,160, Your Honor, Mr. Briones had to apply to replace his green card[,] which cost $540. **His insurance deductible was $1,000.** He lost the watch he testified to, $280, dancing shoes[,] $120. The volleyball shoes, $110. There was Guess cologne in the car, $80. Two containers of coins, $30. So[,] the total of the items stolen was $620, the cost of replacing the US residency card is $540 and then the insurance deductible is $1,000, which is where we get to the total of $2,160.

N.T. Waiver Trial/Sentencing, 8/8/19, at 86 (emphasis added).

On February 14, 2020, Lewis filed a petition requesting this Court vacate the briefing schedule and allow him to either file a supplemental brief to address our Court's recent decision, **Commonwealth v. Edwards**, 229 A.3d 298 (Pa. Super. 2020), *appeal granted in part*, 237 A.3d 978 (Pa. 2020),[8] or, in the alternative, remand the matter to the trial court to permit him to file a supplemental Rule 1925(b) statement. **See** Appellant's Petition To Vacate Briefing Schedule, 2/14/20, at 1. **Edwards** was decided on February 12, 2020—one day after Lewis filed his appellate brief. On March 12, 2020, this Court issued a *per curiam* order permitting Lewis to file a supplemental brief, which he did on April 30, 2020. In that brief, he raised an additional claim for our review: "Was not the evidence insufficient to sustain [Lewis'] conviction for criminal mischief,[9] 18 Pa.C.S.A. § 3304(a)(2), where the element of 'tampering' was not proven?" Appellant's Supplemental Brief, at 3.

---

[8] On August 17, 2020, the Pennsylvania Supreme Court granted Edwards' petition for allowance of appeal limited to the following issue:

> Did not the Superior Court err in construing 42 Pa.C.S.A. [§] 9765 in an overly broad manner to bar merger even though all of the elements of the recklessly endangering another person offense are contained within the elements of the statutory alternative of the aggravated assault offense for which the defendant was convicted?

*Id.* at 978. Thus, the Supreme Court's review will have no bearing on the issue in the instant case regarding the sufficiency of Lewis' criminal mischief conviction.

[9] In its bill of information, the Commonwealth charged Lewis with criminal mischief as follows:

In **Edwards**, our Court held that damaging a car as a result of a collision does not constitute tampering under subsection 3304(a)(2) of this Commonwealth's criminal mischief statute.  In that case, eyewitnesses observed the defendant, travelling at a high rate of speed, strike a moving vehicle occupied by two adults and one child in a residential neighborhood in Philadelphia.  **Id.**  at 301.  The defendant, continuing to drive erratically and at an excessive speed, collided with multiple parked vehicles along the 6600 block of Sylvester Street and struck a six-year-old child riding her bike on the sidewalk near her home.  **Id.**  The force of the collision sent the child flying into the air, landing head first into a neighbor's garden.  **Id.**  Defendant then unsuccessfully attempted to escape by driving the vehicle into another parked car.  **Id.**  Defendant was then seen leaping from the driver's side of the car and running away on foot away from the collision site.  **Id.**  He was eventually apprehended by the police.  **Id.**  The defendant was found guilty, following a bench trial, of aggravated assault, aggravated assault—by vehicle, accidents involving death or personal injury, four counts of  criminal mischief-tampering

---

Count 1:          Crim'l Misch-Tamper W/Property- (M2)

On or about:  02/20/2019     18 § 3304 §§ A2
Intentionally or recklessly tampered with tangible property of another so as to endanger person or property.

Victim:  Migues Briones
Damaged Property:  Vehicle

Bill of Information, 5/14/19, at 1.

with property, simple assault, recklessly endangering another person, accidents involving damage attended vehicle/property, and possessing an instrument of crime. *Id.* at 302.

On appeal, the defendant challenged, among other things, the sufficiency of the evidence to support his criminal mischief convictions, arguing that "damaging a car as a result of a car accident does not constitute 'tampering.'" *Id.* at 308. Our Court agreed. We reversed defendant's criminal mischief convictions after examining the statutory language of section 3304(a)(2), looking at the common and approved usage of the word "tamper," and concluding that the legislature intended "tamper" and "damage" to have different meanings. *Id.* at 310.

Lewis argues in his supplemental brief that under *Edwards* his "actions [of damaging a car by driving it into a building while fleeing from police] were not tampering as there was no evidence that he meddled with or made changes to the damaged property at issue." Appellant's Supplemental Brief, at 8. While we tend to agree that *Edwards* would compel us to reverse his conviction under section 3304(a), that case cannot be applied retroactively to the instant appeal. Thus, Lewis is entitled to no relief on that claim.

> [W]here an appellate decision **overrules prior law and announces a new principle**, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal.

*Commonwealth v. Cabeza*, 469 A.2d 146, 148 (Pa. 1983) (emphasis added). "With respect to a retroactivity analysis, a decision announces a new rule of law if it overrules prior law, expresses a fundamental break from precedent that litigants may have relied on, or decides an issue of first impression not clearly foreshadowed by precedent." *Passarello v. Grumbine*, 87 A.3d 285 (Pa. 2014). In *Flore v. White*, 757 A.2d 842, 847 (Pa. 2000), our Supreme Court clarified that:

> There can be no change to statutory law when there has been no amendment by the legislature and no prior decision by this Court. Only the legislature has the authority to promulgate legislation. Our role is to interpret statutes as enacted by the [General] Assembly. We affect legislation when we affirm, alter, or overrule our prior decisions concerning a statute or when we declare it null and void, as unconstitutional. **Therefore, when we have not yet answered a specific question about the meaning of a statute, our initial interpretation does not announce a new rule of law. Our first pronouncement on the substance of a statutory provision is purely a clarification of existing law.**

*Id.* at 848 (emphasis added). *See McCloskey v. Workmen's Compensation Appeal Bd.*, 460 A.2d 237, 239 n.3 (Pa. 1983) (noting that cases that "merely rely upon a statutory interpretation which was not wholly without precedent . . . are treated as relating back to the original statute because they are nothing more than interpretations of existing legislation").

Based on *McCloskey* and its progeny, we conclude that *Edwards* does not "overrule[] prior law and announce[] a new principle." *Cabeza*, *supra*. Rather, it "answer[s] a specific question about the meaning of [the criminal mischief] statute," and its "pronouncement on the substance of [that]

statutory provision is purely a clarification of existing law." **Flores**, **supra** at 848.[10]  Thus, Lewis is not entitled to retroactive application of **Edwards**.[11]

In his next issue, Lewis contends that the trial court imposed an illegal restitution sentence for the victim's personal items stolen from his car where there was no connection between that restitution imposed and the crimes for which Lewis was convicted.  Specifically, he argues that because he was not convicted of theft or RSP with regard to the items stolen from the victim's vehicle, the court's restitution sentence cannot stand.  We agree.

An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing.  **Commonwealth v. Atanasio**,

---

[10] We recognize that nothing in our decision today precludes Lewis from filing a petition for allowance of appeal with the Supreme Court or a Post-Conviction Relief Act petition.  However, under the current state of the law with regard to retroactive application of **Edwards**, we are constrained to find that he is not entitled to the benefit of its application on direct appeal.  **See Commonwealth v. Reid**, 235 A.3d 1124, 1159 (Pa. 2020) ("It is elementary that unless the United States Supreme Court reverses a decision of this Court, or th[e Pennsylvania Supreme] Court overrules its own prior decision, 'the law emanating from the decision remains law.'"), citing **Flores**, **supra** at 847.

[11] We also note that Lewis neither moved for a judgment of acquittal on his criminal mischief charge at trial nor included the sufficiency issue in his court-ordered Pa.R.A.P. 1925(b) statement.  Thus, even if **Edwards** were considered a change in the law, he has not preserved the issue "in a manner to warrant retroactive application[.]" **See Commonwealth v. McMillan**, 545 A.3d 301, 308 (Pa. Super. 1988) ("[I]n determining whether a party should be given the benefit of retroactive application of a change in the law upon a particular issue, the controlling question is whether the reasoning of the new decision was urged as the basis for relief in the trial court by that party[.]").

997 A.2d 1181, 1183 (Pa. Super. 2010). The determination as to whether a trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary. ***Id.***

Mandatory restitution, as part of a defendant's sentence, is authorized by 18 Pa.C.S.A. § 1106 which states, in relevant part:

§ 1106. Restitution for injuries to person or property

(a) GENERAL RULE.-- Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased **as a direct result of the crime**, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

(c) MANDATORY RESTITUTION.--

(1) The court **shall** order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. . . .

(2) At the time of sentencing[,] the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution . . . and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

\* \* \*

[(3)] (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be

- 10 -

> based upon information solicited by the district attorney and received from the victim.
>
> (ii) Where the district attorney has solicited information from the victims as provided in subparagraph (i) and has received no response, the district attorney shall, based on other available information, make a recommendation to the court for restitution.

18 Pa.C.S.A. § 1106 (emphasis added). To determine the amount of restitution, a "but-for" test is used—damages that occur as a result of the crime are those which would not have occurred but for the defendant's criminal conduct. **Commonwealth v. Oree**, 911 A.2d 169, 174 (Pa. Super. 2006).

Lewis' issue on appeal is controlled by our Court's decision, **Commonwealth v. Muhammed**, 219 A.3d 1207 (Pa. Super. 2019). In that case, the defendant entered a negotiated guilty plea to criminal trespass and was ordered to pay $8,825.98 in restitution. At the plea hearing, the defendant admitted he entered the victim's home, "'remained inside, that items were removed and/or damaged,' and that he knew he did not have a legal right to be inside the residence." **Id.** at 1213. The restitution amount included the value of property that was stolen or damaged after he entered the victim's home. **Id.**

On appeal, our Court determined that the court's restitution order was illegal "because . . . [the defendant was not] held criminally accountable for the theft of items from the [victim's] home." **Id.** at 1214. Specifically, the panel held that "as there was no causal connection between the restitution imposed for the victim's stolen property and the crimes for which [the

defendant] was held criminally responsible," *id.* at 1215, the case had to be remanded so that the trial court could "modify the amount to reflect only those losses[12] that directly resulted from the defendant's conduct." *Id.*

Similarly, where Lewis was acquitted of RSP—the only theft-type offense for which he was charged—he cannot be ordered to pay restitution for items found to be missing from the vehicle that he used without authorization. Without a direct causal connection between any of the crimes for which Lewis was convicted and the personal property stolen[13] from the victim's vehicle, the court's restitution order is illegal and must be modified to reflect only those losses that directly resulted from Lewis' conduct.[14] *See Commonwealth v. Rotola*, 173 A.3d 831 (Pa. Super. 2017).

_____

[12] Because the defendant in *Muhammed* admitted to having damaged property in the victim's house, and because his co-defendant pled guilty to criminal mischief—which includes property damage as an element of the offense—the court held that the defendant could also be ordered to make restitution for the damaged property jointly and severally with his co-defendant. *Id.*

[13] Specifically, the court ordered restitution for:

- $280 (watch)
- $120 (dancing shoes)
- $110 (tennis shoes)
- $80 (cologne)
- $540 (replacement of green card); and
- $30 (two containers of coins)

N.T. Non-Jury Trial/Sentencing Hearing, 8/8/19, at 86.

[14] The total value of all property stolen from the victim's vehicle is $1,160. *See supra* at n.8.

We also address the Commonwealth's concern that the restitution sentence is illegal because it does not order payment to the victim's insurance company.

It is clear under our Commonwealth's restitution statute, 18 Pa.C.S.A. § 1106, that a court has no discretion and is required to reimburse an insurance company for monies it has paid to an insured for injuries he or she has sustained to personal property as a direct result of a defendant's criminal actions. *See* 18 Pa.C.S.A. § 1106(c)(1)(i) (court "**shall** order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company") (emphasis added). In fact, if a restitution order does not reimburse an insurance company for the amount it has paid to a victim, the defendant's sentence is illegal and requires correction. *Commonwealth v. Stradley*, 50 A.3d 769 (Pa. Super. 2012).

Instantly, the victim testified during Lewis' waiver trial, on the insurance issue, as follows:

[D.A.]: What was the value of the damage to your car?

[Victim]: The value of the damage exceeded the cost of the car which was about[—] I have the document, but apparently I cannot[—]

The Court: Just tell us from[—]just tell us if you remember.

[Victim]: The insurance declared a total loss. They said my car was about $8[,]000.

The Court: Okay, $8[,]000.

Victim: So, they said we're not going to fix it because the damage is more than that.

- 13 -

The Court: Okay.

N.T. Trial/Sentencing, 8/8/19, at 23.

Based upon the record, the Commonwealth established that the victim was actually reimbursed by his insurance company for his losses due to Lewis' conduct where, in its restitution order, the court compensated the victim for the $1,000 deductible he paid to his insurance company, and the sentencing court specifically heard the victim's testimony—solicited by the district attorney prior to sentencing—that his insurance company declared his car a "total loss" at $8,000. Under such circumstances, the insurance company is deemed to be a section 1106(C)(1)(ii)(D) "victim" that is required to be reimbursed by the court via restitution. **See** 18 Pa.C.S.A. §§ 1106(1)(i), (ii)(D) (making restitution to insurance company mandatory); **id.** at § 1106(4)(i) (making it responsibility of district attorneys to make recommendation to court as to amount of restitution to be ordered based upon information solicited by district attorney and received from victim). Thus, the restitution order must also be amended to direct that Lewis pay $7,000[15] to the victim's insurance company as consideration for its compensation to the victim for his property loss. **Id.** at §§ 1106(3), (4)(iii) (permitting district attorney to recommend to court that restitution order be amended "**at any time**" when it is "based on information received from the victim") (emphasis added).

---

[15] This figure represents the full amount of the loss, $8,000, minus the victim's reimbursed $1,000 deductible.

Restitution portion of judgment of sentence vacated. Remainder of sentence affirmed. Case remanded for modification of the court's restitution order in accordance with the dictates of this decision. Jurisdiction relinquished.

President Judge Emeritus Stevens joins this Memorandum.

President Judge Emeritus Bender files a Concurring and Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/21