J-S29026-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL WOODARD | : | |
| | : | |
| Appellant | : | No. 2121 EDA 2020 |

Appeal from the Judgment of Sentence Entered September 23, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0005204-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.*

CONCURRING AND DISSENTING MEMORANDUM BY STEVENS, P.J.E.:

**FILED JANUARY 4, 2022**

I respectfully disagree with the Majority vacating the trial court's order, which permitted the reimbursement of the victim's travel expenses from his home in Louisiana to Pennsylvania to testify at Appellant's jury trial. In all other respects, I join the Majority.

As the Majority indicates, restitution is governed by 18 Pa.C.S.A. § 1106.[1] In interpreting this statute, this Court has held that restitution is a

_____

* Former Justice specially assigned to the Superior Court.

[1] Further, we note the Sentencing Code relevantly provides "**(c) Mandatory restitution.--**In addition to the alternatives set forth in subsection (a) of this section the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained." 42 Pa.C.S.A. § 9721(c) (bold in original).

proper sentence only if there is a "direct casual connection between the crime and the loss." ***Commonwealth v. Harriott***, 919 A.2d 234, 238 (Pa.Super. 2007) (citation omitted). The courts utilize a "but for" test in calculating such damages. ***Commonwealth v. Oree***, 911 A.2d 169, 174 (Pa.Super. 2006).

Applying the aforementioned legal precepts, this Court has affirmed an order of restitution for a victim's travel expenses. For example, in ***Commonwealth v. Crosley***, 180 A.3d 761 (Pa.Super. 2018), this Court affirmed an order of restitution as it related to transportation costs to take the victim to the hospital. Further, in ***Commonwealth v. Sandusky***, 256 A.3d 27, 2021 WL 1924157 (Pa.Super. filed 5/13/21) (unpublished memorandum),[2] the Commonwealth sought restitution for amounts "directly related to services provided to one of the victims who testified at trial." ***Id.*** at *3. In affirming the award of restitution, this Court noted such included "counseling and transportation expenses incurred by one of Appellant's victims." ***Id.***

By logical extension, in the case *sub judice*, the victim's travel expenses, which are necessitated by Appellant's crimes and ensuing jury trial, fall within the ambit of the restitution statute. That is, "but for" Appellant's crime upon

---

[2] *See* Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

the victim, the victim would not need to travel from his home in Louisiana to Pennsylvania to testify for the Commonwealth.

In any event, it is well-settled that this Court may affirm on any ground. ***See Commonwealth v. Voss***, 838 A.2d 795 (Pa.Super. 2003). Thus, assuming, *arguendo*, the victim's travel expenses do not fall within the ambit of the restitution statute, we may affirm on the basis the instant travel expenses are included within the "costs of prosecution."

"Sentencing courts have the authority to impose the 'costs of prosecution' on a defendant under 16 P.S. § 1403 or the common law." ***Commonwealth v. Morningwake***, 237 A.3d 1026, 2020 WL 2850973, at *3 (Pa.Super. filed 6/2/20) (unpublished memorandum) (footnote omitted). Section 1403 provides that "[i]n any case where a defendant is convicted and sentenced to pay the costs of prosecution and trial, the expenses of the district attorney in connection with such prosecution shall be considered a part of the costs of the case and be paid by the defendant." 16 P.S. § 1403.

"The purpose of Section 1403 is to recoup the costs of trial by imposing the necessary 'costs of prosecution' on the defendant….Any cost imposed must be deemed necessary for the prosecution, after considering the peculiar facts and circumstances of the case." ***Morningwake***, ***supra***, at *3 (citations omitted).

Further, Section 9721 of the Sentencing Code relevantly provides:

**§ 9721. Sentencing Generally**

\*\*\*

> **(c.1) Mandatory payment of costs.**--Notwithstanding the provisions of section 9728 (relating to collection of restitution, reparation, fees, costs, fines and penalties) or any provision of law to the contrary, in addition to the alternatives set forth in subsection (a), the court shall order the defendant to pay costs. In the event the court fails to issue an order for costs pursuant to section 9728, costs shall be imposed upon the defendant under this section. No court order shall be necessary for the defendant to incur liability for costs under this section. The provisions of this subsection do not alter the court's discretion under Pa.R.Crim.P. No. 706(C) (relating to fines or costs).

42 Pa.C.S.A. § 9721(c.1) (bold in original).

In the case *sub judice*, there is no dispute the victim's testimony was necessary for the prosecution. Moreover, there is no dispute it was necessary for the victim to travel from his home in Louisiana to Pennsylvania in order to testify on behalf of the prosecution. Under these "peculiar facts and circumstances," the trial court did not err in ordering Appellant to pay the victim's transportation costs, which were associated with the prosecution. ***See Morningwake***, ***supra***.

Based on the aforementioned, I would affirm the trial court's order, which permitted the reimbursement of the victim's travel expenses. To the extent the Majority holds to the contrary, I dissent. In all other respects, I join the Majority.