J-S10030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EDWIN VELEZ-RIVERA | : | |
| | : | |
| Appellant | : | No. 2564 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 22, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002258-2020

BEFORE: PANELLA, P.J., LAZARUS, J., and STABILE, J.

JUDGMENT ORDER BY LAZARUS, J.:            **FILED APRIL 25, 2023**

Edwin Velez-Rivera appeals from the judgment of sentence entered in

the Court of Common Pleas of Monroe County. We affirm.

Following trial, a jury convicted Velez-Rivera of various sexual offenses

against his two minor daughters.[1] The trial court sentenced Velez-Rivera to

_____

[1] For several years, Velez-Rivera "systematically, continuously, regularly, and repeatedly sexually assaulted both children." Trial Court Opinion, 12/12/22, at 1. "Suffice it to say that the assaults consisted of unspeakable acts that included, but are certainly not limited to, penile, digital, and oral penetration of both girls." *Id.* The victims were between the ages of 10 and 12 at the time of the assaults. Velez-Rivera documented the sexual assaults through photographs and videos, which he saved to his electronic devices. Thirty-one videos and 316 photographs were recovered. *Id.* at 2. Velez-Rivera filed a separate appeal at 2634 EDA 2022 from the judgment of sentence entered with respect to CP-45-CR-0002259-2020, relating to the child pornography offenses (21 counts of creation and 21 counts of possession of child pornography relating to the videos, one count of possessing more than 200 still images of child pornography, and one count of criminal use of a communications facility). That appeal was dismissed for failure to comply with
*(Footnote Continued Next Page)*

128 to 262 years' imprisonment. Velez-Rivera filed a post-sentence motion, which the court denied, followed by this timely appeal. Both Velez-Rivera and the trial court have complied with Pa.R.A.P. 1925. On appeal, Velez-Rivera challenges the discretionary aspect of his sentence, arguing his sentence, virtually a life sentence, was excessive. Velez-Rivera has included a Pa.R.A.P. 2119(f) statement in his brief, asserting his sentence was manifestly excessive as it "would span two lifetimes." Appellant's Brief, at 6. We accept that Velez-Rivera raises a substantial question, given the aggregate length of the sentence imposed, but we conclude no relief is due. *See Commonwealth v. Prisk*, 13 A.3d 526 (Pa. Super. 2011) (sentence of 633 to 1,500 years' imprisonment for 314 offenses, including multiple counts of rape, involuntary deviate sexual intercourse, and indecent assault, not excessive; defendant's convictions stemmed from systematic sexual abuse of stepdaughter, which occurred on almost daily basis over course of six years, and court did not impose consecutive sentences for every count).

After our review, we find no abuse of discretion and we rely on the comprehensive opinion authored by the Honorable Jonathan Mark to affirm Velez-Rivera's judgment of sentence. The parties are directed to attach a copy of Judge Mark's opinion in the event of further proceedings.

Judgment of sentence affirmed.

---

Pa.R.A.P. 3517 (failure to file docketing statement may result in dismissal of appeal). *See Order*, 12/29/22.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/25/2023

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

| | |
|---|---|
| **COMMONWEALTH OF PENNSYLVANIA** : | |
| : | **Nos. 2258 CR 2020** |
| : | **2259 CR 2020** |
| **v.** : | |
| : | **APPEAL DOCKET** |
| **EDWIN VELEZ-RIVERA,** : | **Nos. 2564 EDA 2022** |
| : | **2634 EDA 2022** |
| **Defendant** : | |

## OPINION PURSUANT TO Pa.R.A.P. 1925(a)

Following the denial of his post-sentence motions, Defendant filed appeals from the judgments of sentence entered in each of these cases. On receipt of the appeals, we directed Defendant to file Concise Statements of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Defendant complied, filing statements in which he challenges only the discretionary aspects of the sentences imposed in each case. We now file this opinion in accordance with Pa.R.A.P. 1925(a).

## BACKGROUND

Defendant is the father of two minor daughters. From the time the youngest was 9 years-old until the oldest was just over 13, Defendant systematically, continuously, regularly, and repeatedly sexually assaulted both children. Since neither the assaults nor the sufficiency of evidence is being challenged, there is no need to detail the specifics of the abuse. Suffice it to say that the assaults consisted of unspeakable acts that included, but are certainly not limited to, penile, digital, and oral penetration of both girls. Defendant used his parental status, bribery, manipulation, threats, and intimidation to groom the girls

1

and to keep them from disclosing the abuse. Defendant documented the sexual assaults through videos and photographs that he saved to his electronic devices. In all, 31 videos and 316 still images were recovered.[1]

The charges in case No. 2259 Criminal 2020 are based on Defendant's documentation of the sexual assaults. In that case, he was charged with 32 counts of Creation and 32 counts of Possession of Child Pornography and one count of Criminal Use of a Communication Facility.

The charges in case No. 2258 Criminal 2020 are based on the actual sexual assaults. In that case, Defendant was charged with 36 counts of Rape of a Child, four counts of Involuntary Deviate Sexual Intercourse (IDSI) with a Child, 14 Counts of other sex offenses under Chapter 31 of the Crimes Code, and multiple counts of crimes designed to protect the welfare and morals of children.

The cases were tried together on February 22, 2022. To simplify the presentation of evidence and clarify the issues and verdict sheets for the jury, only 21 videos were shown and only crimes depicted in the 21 videos or the still images were submitted.[2] Correspondingly, in case No. 2259 the jury was presented with 21 counts of Creation and 21 Counts of Possession of Child Pornography relating to videos, one count of Possession of Child Pornography based on the still images that was accompanied by an interrogatory asking the jury to determine the number of images proven, and one count of Criminal Use of a Communication facility. The remaining charges were either withdrawn or not submitted to the jury. (*See* Verdict Sheet dated February 22, 2022 and Order Accepting Verdict dated February 22 and entered March 7, 2022).

---

[1] The authorities were unable to forensically examine some of Defendant's devices.

[2] Evidence of assaults committed after Defendant's oldest daughter turned 13 was not presented.

2

In Case No. 2258, the jury was presented with 22 counts of Rape of a Child, each of which referenced a video identified by its creation date (one video showed both children being raped during the same incident) and two counts each (one for each child) of several additional Chapter 31 crimes as well as the child-protective crimes. The remaining counts were withdrawn or not presented to the jury. (*See* Verdict Sheet dated February 22, 2022 and Order Accepting Verdict dated February 22 and entered March 7, 2022).

The jury found Defendant guilty of all crimes with which they were presented in both cases. Specifically, in case No. 2258, Defendant was convicted of 22 counts of Rape of a Child, and two counts each of IDSI with a Child, Aggravated Indecent Assault of a Child, Indecent Assault of a Child (Course of Conduct), Corruption of a Minor, Endangering the Welfare of a Child, and Unlawful Contact with a Child.[3] In case No. 2259 of 2020, the jury convicted Defendant of 21 counts of Creation and 21 counts of Possession of Child Pornography relating to the videos, one count of Possessing more than 200 still images of Child Pornography, and one count of Criminal Use of a Communication Facility.

In the orders accepting the verdicts, we directed our Probation Department to conduct a Pre-Sentence Investigation (PSI) and the Pennsylvania Sexual Offender Assessment Board (SOAB) to conduct a Sexually Violent Predator (SVP) assessment. Our Probation Office and SOAB complied. The resulting PSI and SVP reports were presented to the Court and made available to both parties in advance of the sentencing hearing.

---

[3] The Order accepting the verdicts inadvertently indicated that Defendant was also convicted of Statutory Sexual Assault, an offense that had been withdrawn by the Commonwealth. The error was remedied during the sentencing hearing and a corrective order was issued. (Order dated July 22, 2022; N.T., 7/22/2022, pp. 41-43).

3

Since SOAB determined that Defendant met the criteria to be designated as an SVP, the Commonwealth asked the Court to schedule an SVP hearing. We scheduled the SVP hearing to coincide with the sentencing hearing.

Prior to sentencing, the Commonwealth gave notice of its intent to seek mandatory sentences for the Rape of a Child and IDSI with a Child convictions. The mandatory minimum sentences were referenced in the PSI report.

On July 22, 2022, the SVP/sentencing hearing was convened. During the SVP hearing, the SOAB report and the Curriculum Vitae of the evaluator who authored it were admitted into evidence.[4] The parties stipulated to the facts set forth in the report. After reviewing and discussing the report with his attorney, Defendant knowingly, voluntarily, and intelligently stipulated that the statutory criteria for him to be designated as an SVP had been satisfied. Based on the report, the evidence presented at trial, the parties' stipulation, and Defendant's counseled agreement, we found that statutory SVP criteria had been established. (N.T., 7/22/2022, pp. 5-13, 46-47).

During the sentencing portion of the hearing, Defendant and his attorney addressed the Court. Defendant read a letter which appeared to be intended for his daughters. During his statements, Defendant acknowledged that what he did to his daughters was unforgivable.

The children's mother participated in the hearing. (*Id*. at 3-4, 23-27). She did not wish to address the Court. However, her profoundly impactful letter, in which she outlined the permanent, unimaginable harm Defendant's conduct and the sexual assaults caused, was read into the record by the assistant district attorney. Between the letter and his own

---

[4] The SOAB evaluator, who had qualified as an expert in prior SVP hearings in this Court, was present.

4

comments, the assistant district attorney effectively pointed out that Defendant had robbed both children of their innocence, childhood, and emotional well-being, and described the permanent harm suffered by the children and their mother. The assistant district attorney also accurately and effectively highlighted, among other things, the findings of the SOAB report, including findings that Defendant suffered from both Anti-Social Personality Disorder and Pedophilic Disorder, Defendant's history, his lack of remorse, his predatory conduct, the position of authority and trust he occupied at the time, the facts and history summarized in the PSI report, and other matters and sentencing considerations. He asked the Court to designate Defendant a SVP and impose the "maximum sentence" allowable by law – by his calculations, an aggregate sentence of 514 to 1,028 years' incarceration. (*Id.* at 23-34).

At that point, we recessed to read and review the impact statement submitted by the children's mother and think about what had been presented up to that point. Thereafter, we sentenced Defendant to a total of 128 to 262 years' incarceration, plus the 3-year period of probation required by 42 Pa. C.S.A. § 9718.5, and classified him as a Sexually Violent Predator ("SVP").

Specifically, in case No. 2258, we sentenced Defendant to an aggregate of 117 years to 240 years, comprised of consecutive 20 to 40 year sentences on two of the eighteen Rape of a Child convictions, and consecutive term-of-years sentences on each of the non-Rape of a Child convictions. On each of the remaining 16 counts of Rape of a Child, Defendant was sentenced to 20 to 40 years, but the sentences were run concurrently with each other and with the other sentences imposed in the case.

In case No. 2259, Defendant was sentenced to a total of 11 to 22 years, consecutive to the aggregate sentence imposed in case No. 2258, comprised of consecutive sentences of 2 ½ to 5 years on each of two counts of Creation of Child Pornography, consecutive sentences of 2 ½ to 5 years on each of two counts of Possession of Child Pornography, and a consecutive 1 to 2 year sentence on the conviction for Criminal use of a Communication Facility. On each of the remaining 39 counts of Child Pornography, Defendant was sentence to 2 ½ to 5 years, but the sentences were run concurrently with each other and with the other sentences imposed in the case. The individual and aggregate sentences imposed are within statutory limits and the standard range, albeit at the top end of the standard range.

We recited the reasons for the individual and aggregate sentences on the record. In doing so, we identified the documents, records, and information we considered in fashioning the sentence. Among other things, we considered the PSI report prepared by our Probation Department, the SOAB report, the evidence presented during pretrial proceedings, the evidence presented during the trial, the impact statement submitted by the children's mother, the statements made by Defendant, his attorney, and the assistant district attorney, and the relevant sentencing laws and guidelines. (*Id.* at 38-69; Judgments of Sentence entered in each case dated July 22, 2022). We incorporate our on-record statements and reasoning into this opinion by reference.

Thereafter, Defendant filed motions for reconsideration in which he alleged only that he believes the sentences are excessive. After the motions were denied, Defendant filed these appeals.

6

**DISCSSUSION**

On appeal, Defendant challenges only the discretionary aspects of his sentences.

In each case, he raises only a single assignment of error claiming that this Court:

> committed reversible error when the sentence imposed was excessive given the totality of the circumstances with no legitimate reason to run a sentence equivalent to life imprisonment without the possibility of parole.

(Defendant's Rule 1925(b) Statements, filed in both cases on October 20, 2022, ¶ 1).

Defendant's sentencing challenges lack merit.

1.    <u>The Standards</u>

Sentencing is a matter within the sound discretion of the trial court.    *See Commonwealth v. Walls,* 926 A.2d 957 (Pa. 2007).    In sentencing each particular defendant, the sentencing court may select one or more options with regard to determining the appropriate sentence to be imposed.    The options include probation, guilt without further penalty, partial confinement, or total confinement.    *Id.*; 42 Pa.C.S. § 9721(a).    The court must impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant."    42 Pa.C.S. § 9721(b). *See Walls,* 926 A.2d at 967-68; *Commonwealth v. Dodge,* 957 A.2d 1198, 1200 (Pa. Super. 2008), *appeal denied,* 980 A.2d 605 (Pa. 2009).    In imposing a sentence, the trial court may determine whether, given the facts of the case, a sentence shall run consecutive to or concurrent with another sentence being imposed. *See Commonwealth v. Moury,* 992 A.2d 162 (Pa. Super. 2010); *Commonwealth v. Lilley,* 978 A.2d 995 (Pa. Super. 2009); *Commonwealth v. Pass,* 914 A.2d 442 (Pa. Super. 2006).

The sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing are instructive and advisory, but are not binding on the sentencing court. The court is obligated to consider the guidelines, but is under no duty to sentence a particular defendant within the guidelines or to impose the minimum possible confinement consistent with the guidelines. *Walls*, 926 A.2d at 575; *Dodge*, 957 A.2d at 1201. Nonetheless, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Moury,* 992 A.2d 162, 171 (Pa. Super. 2010) (citing *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa. Super. 1995), *appeal denied*, 676 A.2d 1195 (Pa. 1996)). However, if the sentencing court imposes a sentence outside of the guidelines, it must provide a written statement of its reasons for the deviation, and its failure to do so may constitute grounds for resentencing. *Walls,* 926 A.2d at 963; 42 Pa.C.S. § 9721.

In general, a sentencing judge must consider pertinent facts and sentencing factors and the force of the evidence and may not commit an error of law or inflict punishment that exceeds statutory prescriptions. *Commonwealth v. Youngkin*, 427 A.2d 1356, 1369 (Pa. Super. 1981). In more specific terms, "[w]hen imposing a sentence, a court is required to consider the particular circumstance of the offense and the character of the defendant....In particular, the court should refer to defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation." *Moury*, 992 A.2d at 171 (quoting *Com. v. Griffin*, 804 A.2d 1, 10 (Pa. Super. 2002), *appeal denied*, 868 A.2d 1198 (Pa. 2005), *cert. denied*, 545 US 1148 (2005).

The sentencing judge must state his or her reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The judge may satisfy this requirement by stating or

demonstrating at time of sentencing that the judge has been informed of the reasons by the PSI report. *Commonwealth v. Coss*, 695 A.2d 831, 834 (Pa. Super. 1997); 42 Pa.C.S.A. § 9721(b). When, as here, a PSI report exists, the law presumes that

> the sentencing judge was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself....[Sentencing courts] are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true ... in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers*, 546 A.2d at 18. *See also Moury*, 992 A.2d at 171; *Commonwealth v. Fowler*, 893 A.2d 758 (Pa. Super. 2006); *Commonwealth v. Tirado*, 870 A.2d 362 (Pa. Super. 2005); *Commonwealth v. Burns*, 765 A.2d 1144, 1150-1151 (Pa. Super. 2000). Additionally, a sentencing judge is not required, when giving the reasons for a particular sentence, to make a specific reference to the factors set forth in the Sentencing Code that were considered in deciding the sentence, but the record as a whole must reflect that the judge in fact considered the sentencing factors. *Commonwealth v. Coulverson*, 34 A.3d 135, 145-146 (Pa. Super. 2011).

The court determines whether aggravating circumstances exist. If aggravating circumstances are present, "the court may impose an aggravated sentence ...." 204 Pa. Code. § 303.13(a). A sentencing judge "has wide discretion in sentencing and can, on the appropriate record and for the appropriate reasons, consider any legal factor in

9

imposing a sentence in the aggravated range." *Commonwealth v. Stewart*, 867 A.2d 589, 593 (Pa. Super. 2005) (citation omitted). *See also Commonwealth v. Duffy*, 491 A.2d 230, 233 (Pa. Super. 1985) (holding that a sentencing judge may consider any legal factor in deciding whether a defendant should be sentenced within the aggravated range). A sentencing judge may even consider uncharged criminal conduct for sentencing purposes.

> Not only does the case law authorize a sentencing court to consider unprosecuted criminal conduct, the sentencing guidelines essentially mandate such consideration when a prior record score inadequately reflects a defendant's criminal background.

*Commonwealth v. P.L.S.*, 894 A.2d 120, 131 (Pa. Super. 2006), *appeal denied*, 906 A.2d 542 (Pa. 2006). *See also* 204 Pa. Code §303.5(d).

The court also determines whether the sentence imposed should run consecutively or concurrently with other sentences to which the defendant is subject. In this regard, it is well-settled that the sentencing judge has discretion to impose a sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. See *Commonwealth v. Mastromarino*, 2 A.3d 581 (Pa. Super. 2010) (and cases cited therein) and *Commonwealth v. Marts, 889*, A.2d 608 (Pa. Super. 2005) (same). *See also* 42 Pa. C.S.A. §9721(a).

In sum, our sentencing laws establish a framework for sentencing. Within the established framework, trial courts have broad discretion in determining the range of permissible confinements that best suits the particular defendant and the circumstances surrounding the event. *See Commonwealth v. Moore*, 617 A.2d 8, 12 (Pa. Super. 1992).

The appellate standard of review is reflective of the type of discretion vested in sentencing courts. As recently articulated by our Supreme Court:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion....[A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will. In more expansive terms, our Court recently offered: an abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Walls*, 926 A.2d at 961 (internal citations, quotation marks, and footnote omitted). For purposes of appellate review of a particular sentence, an "unreasonable" decision from the sentencing court would be one that is "'irrational' or 'not guided by sound judgment.'" *Id.* at 963. *See Dodge,* 957 A.2d at 1200; 42 Pa.C.S. § 9781(c)(2) and (3).[5]

Challenges to the discretionary aspects of sentencing do not entitle a defendant to review as of right. In order to establish that review is warranted, the appellant must demonstrate that there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. A substantial question exists only when the defendant advances a colorable argument that the sentencing judge's actions were

---

[5] The Sentencing Code prescribes a slightly different standard of appellate review for sentences that are outside the guidelines as opposed to sentences that fall within guideline ranges. Sentences that fall outside the guideline range are subject to the "unreasonable" standard of 42 Pa.C.S.A. Section 9781(c)(3), while sentences that fall within guideline ranges are subject a "clearly unreasonable" standard of 42 Pa.C.S.A. Section 9781(c)(2). *See Dodge*, 957 at 1200 n.3.

11

either: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms of the sentencing process. *See Commonwealth v. Mouzon*, 812 A.2d 617, 627-628 (Pa. 2002); *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010); *Moury, supra; Commonwealth v. Sierra*, 752 A.2d 910 (Pa. Super. 2000). These issues must be examined and determined on a case-by-case basis. *Commonwealth v. Marts*, 889 A.2d 608, 613 (Pa. Super. 2005).

Our appellate courts have routinely held that general "excessiveness challenges" to standard range sentences and routine claims that sentencing courts have failed to consider mitigating factors do not raise the requisite substantial question. This is especially true where, as here, the sentencing judge has been informed by a PSI and the record demonstrates that the judge considered applicable sentencing factors. *See Moury, supra; Commonwealth v. Downing*, 990 A.2d 788 (Pa. Super. 2010); *Commonwealth v. Matrioni*, 923 A.2d 444 (Pa. Super. 2007); *Pass, supra*.

Before reviewing the discretionary aspects of a sentencing claim, the Superior Court conducts:

> a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).... Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify the sentence imposed at that hearing.

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (citations and quotation marks omitted). *See also*

*Commonwelath v. Oree*, 911 A.2d 169 (Pa. Super. 2006), *appeal denied*, 591 Pa. 699, 918 A.2d 744 (2007) (explaining challenges to discretionary aspects of sentencing must be raised in post-sentence motion or during sentencing proceedings; absent such efforts, claim is waived; inclusion of discretionary aspects of sentencing claim in Pa.R.A.P. 1925(b) statement will not cure waiver).

2.    Defendant's Sentence Was Neither Excessive Nor Improper

In this case, Defendant argues that his sentence is manifestly excessive and unreasonable because it aggregates to a *"virtual"* or *"de facto"* life sentence. Under the facts of this case, the applicable law, and decisions involving similar conduct and sentences, Defendant's argument is unavailing.

As the cited cases and others teach, "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Prisk,* 13 A.3d 526, 533 (Pa. Super. 2011). *See also Commonwealth v. Austin,* 66 A.3d 798 (Pa. Super. 2013). Accordingly, the imposition of consecutive, rather than concurrent, sentences generally does not raise a substantial question. Such a claim may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh and *prima facie* appears excessive considering the criminal conduct that occurred in the case, the nature of the crimes, and the length of imprisonment. *See Commonwealth v. Dodge,* 77 A.3d 1263 (Pa. Super. 2013) (*"Dodge III"*) (and cases cited therein), *appeal denied,* 91 A.3d 161 (Pa. 2013); *Austin, supra; Mastromarino, supra; Moury, supra.* In addition, when reviewing challenges to aggregate sentences, Pennsylvania's entrenched sentencing principle that persons

convicted of multiple offenses are not entitled to a "volume discount" must be considered. *See Commonwealth v. Foust*, 180 A.3d 416 (Pa. Super. 2018) (and cases cited therein). *See also Prisk, supra; Austin, supra; Commonwealth v. Hoag*, 665 A.2d 1212 (Pa. Super. 1995). In cases, where, as here, the perpetrator's conduct consists of the long-term, systematic abuse of children, our Superior Court has consistently applied these principles to determine that challenges to aggregate sentences much longer than the total sentence we imposed on Defendant failed to raise the requisite substantial question and, in any event, were substantively without merit.

*Commonwealth v. Prisk*, 13 A.3d 586 (Pa. Super. 2011), illustrates the application of these settled principles to a case that is factually similar to this matter. In *Prisk*, the defendant was convicted of committing 314 offenses, including multiple counts of Rape, IDSI, and Indecent Assault, against his minor step-daughter over a period of six years. He was sentenced to an aggregate of 633 to 1,500 years. The defendant conceded his sentence fell within the statutory guidelines, but nevertheless argued that the trial court imposed a manifestly excessive sentence because it was much more than a life sentence. The Superior Court rejected Prisk's argument, finding that he did not assert a substantial question, and affirmed the sentence – a sentence that is more than four times longer than the sentence we imposed in this case. The Superior Court stated:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul,* 925 A.2d 825 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Sierra, supra* at 912–13.

14

Generally, Pennsylvania law "affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question." *Commonwealth v. Pass,* 914 A.2d 442, 446–47 (Pa.Super.2006). *See also Commonwealth v. Hoag,* 445 Pa.Super. 455, 665 A.2d 1212, 1214 (1995) (stating appellant is not entitled to "volume discount" for his crimes by having all sentences run concurrently). *But see Commonwealth v. Dodge,* 957 A.2d 1198 (Pa.Super.2008), *appeal denied,* 602 Pa. 662, 980 A.2d 605 (2009) (holding consecutive, standard range sentences on thirty-seven counts of **theft-related offenses** for aggregate sentence of 58 ½ to 124 years' imprisonment constituted virtual life sentence and, thus, was so manifestly excessive as to raise substantial question). "Thus, in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Mastromarino, supra* at 587.

Instantly, Appellant properly preserved his sentencing issue in a timely filed post-sentence motion and included a Rule 2119(f) statement in his appellate brief. Although a substantial question appears to exist on the surface, we must emphasize that the jury found Appellant guilty of three hundred and fourteen (314) separate offenses. These offenses stemmed from Appellant's systematic sexual abuse of his stepdaughter, which occurred on an almost daily basis over the course of six years. Further, the court did not impose consecutive sentences for every count. At the same time, Appellant was not entitled to a "volume discount" for his multiple offenses. *See Hoag, supra.* Based upon the foregoing, we will not deem the aggregate sentence as excessive in light of the violent criminal conduct at issue. *See Mastromarino, supra.* Therefore, Appellant's challenge to the imposition of the consecutive sentences as excessive merits no relief. *See Pass, supra.* Accordingly, we affirm the judgment of sentence.

*Id.* at 533 (emphasis in original). *See also Commonwealth v. Sauter,* 2022 WL 3208804

(Pa. Super., Mem. Op., filed August 9, 2022) (persuasive) (sentence of 90 to 180 years'

15

incarceration for sexually assaulting a young girl on multiple occasions from the time she was 12 to age 14 was neither manifestly excessive nor an abuse of discretion, noting that the defendant was not entitled to a volume discount on his heinous crimes against a child, that the defendant was a father figure, and that not all sentences were run consecutively); *Commonwealth v. Stull*, 2018 WL 1528370 (Pa. Super., Mem. Op., filed March 29, 2018); *Commonwealth v. R.W.*, 2013 WL 11284058 (Pa. Super., Mem. Op., filed January 11, 2013). *See generally Dodge III, supra; Austin, supra*.

In this case, Defendant sexually assaulted not just one but two young children – his own daughters – on multiple occasions over an extended period of time. The abuse was sustained and pervasive and the crimes were heinous. Defendant groomed and silenced his daughters through bribery, threats, intimidation, manipulation, and capitalizing on his status as a parent and an authority figure. He filmed the abuse. He showed no remorse. His actions were predatory and anti-social within both the general and clinical meanings of those terms.

Further, in imposing sentence, we were informed by the SOAB report, the PSI report, the evidence presented during pretrial proceedings and trial, the sentencing laws and guidelines, the advocacy of the attorneys, the impact statement submitted by the children's mother, and our in-court observations of Defendant. We did not give Defendant a volume discount. At the same time, we did not impose consecutive sentences on each count, a fact deemed significant in several decisions upholding virtual life sentences in analogous cases. On the contrary, by the numbers, many more individual sentences were run concurrently than were run consecutively. Along similar lines, we declined the

Commonwealth's invitation to impose a minimum sentence of more than five centuries. Instead, as stated at the time sentence was imposed, we meted out a measured aggregate sentence which at once punished Defendant for each type of crime he committed against each child and recognized the devastating harm that each crime, individually and in the aggregate, caused each child.

Finally, as even a cursory review of our on-record sentencing comments demonstrates, we considered Defendant's history, diagnoses, minimal rehabilitative prospects, the nature and grading of his crimes, the impact of his crimes on the community, and, most importantly, the harm Defendant caused to his daughters. What he did will cause each child a lifetime of trauma, stress, and mental, emotional, physical, and social issues. The children's lives were forever changed and the hurdles each will have to overcome in order to have some semblance of normalcy in their lives and relationships will at best be very difficult to achieve.

Under the facts and circumstances of this case, the law cited above, and the measured aggregate sentence we imposed, we do not believe Defendant will be able to raise the requisite substantial question necessary for appellate review of his challenges to the discretionary aspects of his sentences. Using the language of Defendant's Rule 1925(b) statements, Defendant's conduct and the indescribable harm he caused provided ample "legitimate reasons" for the sentence. Likewise, using the language of the cited cases, given the heinous criminal conduct in which Defendant engaged, the nature of the crimes, the harm Defendant caused, and the length of imprisonment, especially when

17

viewed in light of the maximum to which Defendant was exposed,[6] the sentence was neither unduly harsh nor *prima facie* excessive.

In the alternative, for the same reasons, we believe that Defendant's challenges are substantively without merit, that the challenged aggregate sentence is neither unduly excessive nor an abuse of discretion, that in sentencing Defendant we did not commit error, and that the sentence was manifestly reasonable, proper, and just.

For these reasons, as well as the reasons expressed on the record during the sentencing hearing, we believe that the judgments of sentence entered in these cases should be affirmed.

**BY THE COURT:**

**DATE:** December 12, 2022

_____
**JONATHAN MARK,** **J.**

Filed
12/12/2022 1:25PM
Court of Common Pleas

Cc:  Superior Court of Pennsylvania
     District Attorney (MTR)
     Public Defender (JTL)

---

[6] Some decisions upholding virtual life sentences in analogous cases reference negotiated pleas that the defendant rejected. In this case, after discussing with his attorney his overall sentencing exposure and the strength of the Commonwealth's case, which was due in large part to the videos and photographs he himself created, Defendant on more than one occasion rejected the Commonwealth's offer of a negotiated 25 to 50 year sentence. (*See* N.T., 7/22/2022, pp. 20-21). Defendant was fully informed and aware of his outside sentencing exposure.

18